UNITED STATES of America,
Appellee,

v.

James Michael LEONARD,
Defendant–Appellant.

No. 08–4884–cr.

United States Court of Appeals,
Second Circuit.

Oct. 2, 2009.

Eugene G. Iredale, San Diego, CA, for Appellant.

Christopher A. Ott, Assistant United States Attorney (Emily Berger, on the brief) for Benton J. Campbell, United States Attorney, Eastern District of New York, Brooklyn, NY, for Appellee.

PRESENT: ROBERT D. SACK, B.D. PARKER, Circuit Judges, RICHARD W. GOLDBERG,* Judge.

### SUMMARY ORDER

Defendant James Michael Leonard appeals from a judgment of the United States District Court for the Eastern District of New York (Wexler, *J.*), convicting him after a second jury trial of two counts of conspiracy to commit securities and mail fraud in violation of 18 U.S.C § 371 and two counts of securities fraud in violation of 15 U.S.C. §§ 78j(b), 78(ff). We assume the parties' familiarity with the factual and procedural history of this case, as well as the issues on appeal.

Leonard first argues that the government's cross-examination and closing argument at his second trial resulted in a constructive amendment of his indictment. To show that an indictment has been constructively altered, a defendant must demonstrate that the evidence "so altered an essential element of the charge that, upon review, it is uncertain whether the defendant was convicted of conduct that was the subject of the grand jury's indictment." *United States v. Salmonese*, 352 F.3d 608, 620 (2d Cir.2003) (internal quotation marks omitted). However, there is no constructive amendment "where a generally framed indictment encompasses the specific legal theory or evidence used at trial." *United States v. Milstein*, 401 F.3d 53, 65

---

* The Honorable Richard W. Goldberg, Senior Judge of the United States Court of International Trade, sitting by designation.

(2d Cir.2005) (internal quotation marks omitted).

Leonard contends that although the indictment charged him with lying to investors about the amount of money paid to independent sales organizations ("ISOs"), the government's theory at trial was that Leonard misrepresented the nature of the commissions, even if the total amount paid to the ISOs was truthfully disclosed. We disagree that this shift in approach amounts to a constructive amendment of the indictment. The indictment's core theory of deceit was that the actual amount of commissions paid was more than the sum indicated in the offering documents. The government's arguments at trial that the commission payments were falsely characterized is consistent with this theory; under either approach, the essential element is that commissions were concealed from the investors. Therefore, we cannot say that the evidence presented at trial "so altered an essential element of the charge" that it amounts to a constructive amendment of the indictment. *See id.* (internal quotation marks omitted).

■ Next, Leonard argues that the government wrongfully withheld *Brady* material when it failed to turn over an SEC memorandum or report that concluded that Leonard's disclosure misstatements were not material. We disagree. "[T]he Government is not required to disclose grand jury testimony to a defendant who is on notice of the essential facts which would enable him to call the witness and thus take advantage of any exculpatory testimony that he might furnish." *United States v. LeRoy,* 687 F.2d 610, 618 (2d Cir.1982) (internal quotation marks omitted). Leonard was aware that the SEC Pacific Region investigation had ended and that the office had declined to take action; therefore he already knew the key facts to take advantage of the potentially exculpatory material.

■ We also disagree with Leonard that the misstatements in the offering materials are not material as a matter of law. Although the offering statement included language that the figures are only "estimates" that may be changed in the discretion of the managing member, the government's theory was that the risk disclosure statements were never intended to be an accurate representation of how the investment proceeds would be allocated. Therefore, this kind of disclaimer cannot alone salvage an otherwise fraudulent material statement. *See United States v. Szur,* 289 F.3d 200, 212 (2d Cir.2002).

■ Finally, Leonard argues that testimony that the court reporter read back to the jury was not recorded verbatim in the transcript in violation of the Court Reporter's Act. *See* 28 U.S.C. § 753(b). Leonard did not object on these grounds at trial, so we review his claim for plain error. *See, e.g., Jones v. United States,* 527 U.S. 373, 388, 119 S.Ct. 2090, 144 L.Ed.2d 370 (1999); Fed.R.Crim.P. 52(b). We have previously stated that the defendant must show "specific prejudice to his ability to perfect an appeal ... before we will grant relief based on gaps in the record." *United States v. Weisser,* 417 F.3d 336, 342–43 (2d Cir.2005). We detect no specific prejudice here because Leonard fails to show that the record "is so deficient that it is impossible for the appellate court to determine if the district court has committed reversible error." *Id.* at 343 (internal quotation marks omitted).

We have reviewed the defendant's remaining contentions and we find them to be without merit. Accordingly, the judgment of the district court is AFFIRMED.